ELISA PACHECO, Plaintiff and Appellee, *v.* HEIRS OF ANTONIO PACHECO RODRÍGUEZ, Defendant and Appellant.

No. 9383. Argued December 12, 1946.—Decided January 13, 1947.

*Ernesto Ramos Antonini* for appellant.  *Carlos E. Colón* for appellee.

Mr. Chief Justice Travieso delivered the opinion of the court.

Elisa Pacheco, daughter and forced heir of Antonio Pacheco Rodríguez, alleges in her complaint that the open will executed by her father on December 23, 1940, and embodied in public deed No. 10, certified by Notary Ernesto Ramos Antonini, is null and void "because the attesting notary failed to state the hour of the execution of the testamentary act covered by the instrument, as expressly required by § 645 of the Civil Code, 1930 ed."

There is no controversy as to the facts. The deed containing the challenged will appears as executed "In Yauco, Puerto Rico, on the twenty-third day of December, nineteen hundred and forty," without it being stated in any part of the instrument the hour at which it was executed by the testator.

Some of the defendants answered, admitted the facts set forth in the complaint, and alleged as a special defense that on the same date of the execution of the will the certifying notary, in compliance with the provisions of law, submitted to the Secretary-Reporter of the Supreme Court a certificate in which he stated the following:

"I do hereby certify that on this 23rd day of December, 1930, at half past eight in the evening, in the city of Yauco and before Dr. Arquelio Ramírez Marini, Antonio J. Battistini, and Domingo J. Olivieri Grau, subscribing witnesses, Don Antonio Pacheco Rodríguez, of legal age, single, property-owner, a native of Guayanilla and resident of Yauco, P. R., has executed an open will."

The only question raised in the lower court was the following: Is an open will in which no express mention is made of the hour of its execution void in Puerto Rico? The court rendered judgment against the defendants, who took the present appeal. They urge that the trial court erred in construing § 645 of the Civil Code and argue that the fact that the our of the execution of a will is not stated therein does not render it void; and, furthermore, that in case that the omission of the hour is a defect, it was cured when the notary submitted to the Secretary of the Supreme Court the above-copied certificates, in which the our at which the will was executed is specifically set forth, and attached a copy of the certificate to the original instrument.

██ Section 636 of the Civil Code (1930 ed.) provides in clear and definite terms hat "any will, in the execution of which, the formalities respectively established in this chapter have not been observed shall be void." The formalities which should be observed in the execution of an open will are prescribed by § 645 of that same Code, thus:

"Section 645.—The testator shall declare his last will to the notary and to the witnesses. The will when drawn in accordance with it and with the expression of the place, the year, the month, the *day* and the *hour* of its execution shall be read aloud in order that the testator may declare that it is in conformity with his intention. Both the testator and the witnesses may read the will themselves and the notary must inform him of this, his right." (Italics ours.)

In his commentaries on § 695 of the Spanish Civil Code, equivalent to § 645 of our Code, *supra,* Manresa states (5th ed., vol. V, pp. 514–15):

"In this desire to provide the open will with as many safeguards as possible, the lawmaker has definitely prescribed that the will should set forth the place, year, month, day, and hour of its execution, as well as other details which might aid in determining its efficacy and authenticity.

" " *       *       *       *       *       *

"Said Section also requires a statement of the date with the indicated detail in order that it may be possible to determine whether

or not the testator had, at the time of the execution of the instrument, the necessary legal capacity therefor, and, furhermore, in order that, in case of the existence of several wills bearing the same date, it can be ascertained which of them comes first or last for the purposes of revocation or enforcement.''

The same commentator, referring to § 687 of the Spanish Civil Code, identical to § 636 of our Code, states (*Ibid.*, pp. 471, 472):

''Accordingly, the validity of a will, as that of all juridical acts, depends upon the abservance of the law which governs it, and since the requisites which must be contained in each of the various forms sanctioned for the execution of wills are established in this chapter, it is quite evident that the failure to comply with the prescribed formalities, must necessarily produce, by operation of the law, the nullity of the act performed in contravention of the legal provisions regulating it.

''The provisions of this Section are a logical consequence of the rule stated in Section 4, according to which, a will, in whose execution the formalities required by law for its kind have not been complied with, would prosper only if the Code so expressly provided by way of exception.

''Although the Section under discussion refers only to *formalities,* its provisions should not be considered as confined to mere formal details, inasmuch as the word mentioned has been used as meaning all the solemnities of a will, for, as the Supreme Court has declared, the Code makes no distinction between them but uses both terms as synonyms which refer to the form or manner of executing a will.''

Vicente Sancho Tello in his work *"Instrumentos Públicos"* (3d ed., vol. 1, p. 92), commenting on the above-mentioned Sections of the Civil Code, says:

''Not only because of the revocability of a will, but also in order to establish the capacity of the testator, a statement of the hour is essential, it not being sufficient to state it approximately, but as exactly as possible.''

The case of *Velasco* v. *López,* 1 Phil. Rep. 720, presented to the Supreme Court of the Philippine Islands facts identical to those of the present case. The date of the challenged will

was expressed in the following terms: "In San Fernando, on the twenty-second of December, eighteen hundred and ninety-three." The will was declared void, and the court said:

". . . The hour is not stated. It is claimed that this omission invalidates the will.

"\* \* \* \* \* \* \*

"The place where and the time when a juristic act is performed are often material circumstances in determining its validity or consequences. Ordinarily the time relation of the act is sufficiently defined by fixing the year, month, and day. Article 695 provides that in an open will the time of execution must be fixed by expressing not only these details but also the hour. The law thus explicitly defines, as respects open will, in what this particular formality shall consist. Nothing is left to inference, as would be the case, for example, if the provision were merely that the will should be dated. There is no room for interpretation.

"\* \* \* \* \* \* \*

"The sanction of article 687 is general. No exceptions are recognized. Its language excludes the idea of a distinction between essential and nonessential formalities. All the formalities prescribed are equally essential, and in order that an expression of testamentary intention may operate as a will, producing legal results as such, it must be clothed with all these formalities, however insignificant they may be in themselves, or however meaningless they may be when considered in relation to the circumstances of the particular case.

"Such is obviously the effect of article 687 considered independently, and we find nothing in the other provisions of the Code on the subject of wills which directly modifies the meaning of this article or inferentially indicates a different legislative intent.

"An open will which fails to state the hour of its execution in addition to the day, month, and year thereof, is null and void.

"\* \* \* \* \* \* \*

"The observance of all the formalities prescribed for the execution of a will is essential to its validity."

We agree with the above-cited authorities, that the expression in a will of the hour at which it was executed is an essential and indispensable requisite for its validity. In requiring that in the instrument there should be stated not only the

year, month, and day but also the hour of its execution, the lawmaker doubtless had in mind the possibility of the execution of two or more wills by the testator on the same day, in which case, the fixing of the hour at which each of them was executed would be the surest way to determine which of the will should be considered as the last will of the testator; and, undoubtedly, the lawmaker also considered that if § 615 of the Civil Code provides that "in order to judge of the capacity of the testator, his condition at the time of the execution of the will only shall be taken into consideration," and § 645 of the same Code, prescribes that in an open will "the notary shall always make it appear that to execute a will," there should be established as an essential and indispensable requisite for the efficacy and validity of a will the inclusion therein of a statement of the hour of its execution. It is at that moment—the hour of execution—that the notary should and must certify that, in his judgment, the testator has the necessary legal capacity to execute the will.

Was the defect cured by the certificate sent by the notary to the Secretary of the Supreme Court, setting forth the hour of the execution of the will? We think not. The decisions of this court in *Bardeguez* v. *Registrar*, 27 P.R.R. 200, and *Morales* v. *Registrar of San Germán*, 25 P.R.R. 832, and that rendered by the Supreme Court of Cuba on February 21, 1903, 17 *Jur. Civ.*, Cuba 445; and the decision of the General Directorate of Registries of Spain, dated May 26, 1899, do not support the contention of the appellants. If said decisions are carefully examined it will be seen that they establish a clear distinction between the omissions which can be cured and those which not being curable render the will void. If what is omitted by the notary is something which is not required by law to be expressly stated in the will, it will suffice that the notary certify that "all the provisions of the Civil Code with respect to open wills have been complied with." That is why it was held in the *Bardeguez* and *Morales* cases, *supra*, that the failure to state in a will that the wit-

nesses knew the testatrix does not render the will a mere nullity; and that the will is not void either if the notary has failed to expressly state therein that the witnesses assured themselves that in their judgment the testator had the necessary legal capacity to execute a will. Nevertheless, when the Code directs that a certain requisite be included in the will, the omission of that requisite is fatal to its validity and can not be cured by a certificate to the effect that all the legal provisions have been complied with. We have already seen that the law requires that there be expressly stated in the will the hour at which it was executed. A certificate as to the hour of the execution of the will, issued *a posteriori* by the attesting notary, can not and must not have the effect of validating a will which under the law was void *ab initio*.

The judgment appealed from should be affirmed.

Mr. Justice Snyder did not participate herein.